**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In Re: U.S. Postal Service's Next | ) | MDL No. 3046 |
| Generation Delivery Vehicle Acquisitions | ) | |
| Program Record of Decision Litigation | ) | Oral Argument Requested |
| | ) | |

**STATE PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR
TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED
PRETRIAL PROCEEDINGS**

**INTRODUCTION**

State Plaintiffs[1] respectfully submit this brief in opposition to the Motion for Transfer of

Actions Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings ("Motion") filed by

Defendants United States Postal Service, *et al*. ("Postal Service").  There is no legal or factual

basis for transferring State Plaintiffs' case, along with two other actions, to the U.S. District

Court for the District of Columbia.  Rather, transfer of these actions would be directly contrary to

both the requirements of Section 1407(a) and this Panel's case law interpreting these

requirements.

In particular, these actions do not involve any "common questions of fact" since they will

be resolved through cross-motions for summary judgment based on an administrative record, and

---

[1] State Plaintiffs are the State of California, State of New York, Commonwealth of Pennsylvania, State of Colorado, State of Connecticut, State of Delaware, State of Illinois, State of Maine, State of Maryland, People of the State of Michigan, State of New Jersey, State of New Mexico, State of North Carolina, State of Oregon, State of Rhode Island, State of Vermont, State of Washington, District of Columbia, City of New York, and the Bay Area Air Quality Management District.  Counsel for the State of California have been coordinating case management and communications with other parties' counsel.  All undersigned counsel have consented in the filing of this opposition brief.

will predominantly involve questions of law.  Moreover, the Postal Service has failed to make

any showing that transfer to the District of Columbia court is convenient for the parties or

counsel, or will promote the just and efficient conduct of these actions.  While the Postal Service

states that it wishes to avoid the risk of inconsistent rulings and the administrative burden of

litigating in two jurisdictions, neither argument provides any basis for transfer and consolidation

by this Panel.

As discussed below, State Plaintiffs have already taken several steps to promote

efficiency and coordination of these actions, including by relating two of the cases in the

Northern District of California, agreeing to joint scheduling and briefing, and informally

coordinating with the plaintiffs in the Southern District of New York on a process and schedule

for production of the administrative record.  Transfer of these actions to the District of Columbia

court would provide very little benefit, but more delay and inconvenience, to the parties.

Consequently, State Plaintiffs respectfully request that this Panel deny the Postal Service's

Motion.  Nonetheless, if the Panel decides to centralize these actions, the Northern District of

California would be the most appropriate forum.

## BACKGROUND

### I.    FACTUAL AND PROCEDURAL BACKGROUND.

On April 28, 2022, State Plaintiffs filed a Complaint for Declaratory and Injunctive

Relief in the U.S. District Court for the Northern District of California challenging an

environmental review conducted by the Postal Service under the National Environmental Policy

Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq*., to evaluate the impacts of the "Next Generation

Delivery Vehicle Acquisitions" program.  *State of California, et al. v. U.S. Postal Service*, Case

No. 3:22-cv-02583-JD (N.D. Cal.); Motion, Exh. 3 (ECF 1-11).  This program was initiated by

the Postal Service to evaluate, test, and eventually purchase up to 165,000 new purpose-built mail delivery vehicles over the next ten years to replace the current fleet of vehicles that is now beyond its intended service life. *See* Motion, Exh. B (ECF 1-3). State Plaintiffs filed a First Amended Complaint on June 10, 2022. Motion, Exh. 3 (ECF 1-11) ("State Complaint").

In a final environmental impact statement ("Final EIS") released on January 7, 2022, the Postal Service selected their Preferred Alternative of procuring a fleet of custom-made, right-hand-drive delivery vehicles with 90 percent internal combustion engines and 10 percent battery electric vehicles. *See* 87 Fed. Reg. 994 (Jan. 7, 2022); Motion, Exh. B (ECF 1-3). On February 23, 2022, the Postal Service signed a Record of Decision ("ROD"), which finalized the NEPA process, incorporated the findings and analysis of the Final EIS, and announced the agency's determination that it would implement its Preferred Alternative. *See* 87 Fed. Reg. 14,588 (Mar. 15, 2022); Motion, Exh. A (ECF 1-2).

State Plaintiffs raise five causes of action alleging that the Postal Service violated NEPA by: (1) irreversibly committing resources when it entered into a contract to purchase vehicles prior to initiating its environmental review; (2) failing to consider reasonable alternatives to the Preferred Alternative, including alternatives providing a greater mix of electric vehicles; (3) failing to take a hard look at the environmental impacts of its decision, including impacts to air quality, environmental justice, and climate; (4) failing to ensure the scientific integrity of its analysis by relying upon unsupported assumptions and undisclosed methodologies; and (5) failing to consider the inconsistency of the Preferred Alternative with State and local laws to reduce greenhouse gas emissions and fossil fuel consumption. State Complaint, ¶¶ 89-125. As the Postal Service acknowledges, only the first three of these five claims were raised in the other two actions at issue. *See* Motion at 7.

On the same day that State Plaintiffs filed their initial complaint, plaintiffs led by CleanAirNow filed a challenge to the Postal Service's action in the Northern District of California, while the Natural Resources Defense Council, Inc. ("NRDC") and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") filed suit in the U.S. District Court for the Southern District of New York. *CleanAirNow, et al. v. DeJoy*, Case No. 3:22-cv-2576-JD (N.D. Cal.) (the "CleanAirNow case"); *NRDC, et al. v. DeJoy*, Case No. 1:22-cv-3442-AT (S.D.N.Y.) (the "NRDC case"); *see* Motion at 6-7.

## II. STEPS TAKEN BY STATE PLAINTIFFS TO COORDINATE THESE ACTIONS.

Since the outset of this litigation, State Plaintiffs have taken several steps to coordinate and promote the efficient handling of these actions. On May 3, 2022, State Plaintiffs filed an administrative motion to relate the two Northern District of California actions, which the court granted on May 10, 2022. ECF 28 in Case No. 4:22-cv-02583-JD (attached hereto as Exhibit 1). Since that time, State Plaintiffs and plaintiffs in the CleanAirNow case have been coordinating with the Postal Service on a Joint Case Management Conference Statement that provides a schedule for production of the administrative record, and a coordinated summary judgment briefing schedule which allows the Postal Service to file a single brief for both cases. The final Joint Case Management Conference Statement was filed with the court on July 21, 2022. ECF 97 in Case No. 4:22-cv-02583-JD (attached hereto as Exhibit 2).[2]

---

[2] The case management conference for these actions was scheduled for July 28, 2022. However, following the Postal Service's filing of this Motion on July 22, 2022, the court issued an order on July 25, 2022 vacating the conference until a further order of the court. ECF 99 in Case No. 4:22-cv-02583-JD (attached hereto as Exhibit 3).

State Plaintiffs have also been informally coordinating with plaintiffs in the NRDC case regarding the status and schedule for the action in the Southern District of New York.  As noted in the Joint Case Management Conference Statement, the parties have proposed that the Postal Service prepare the administrative record on the same schedule and in the same fashion as in the Southern District of New York case, which already has a case management plan and scheduling order in place.  *See* Exh. 2 at 6-8.  In addition, State Plaintiffs have been in regular contact with plaintiffs in the CleanAirNow case and NRDC case to ensure the consistent management of these actions.

## STANDARD OF REVIEW

This Panel may transfer civil actions to any district for coordinated or consolidated pretrial proceedings only if the moving party demonstrates that: (1) there are "common questions of fact"; (2) consolidation will "serve the convenience of the parties and witnesses"; and (3) "the just and efficient conduct of the actions will be served" by transfer and centralization.  28 U.S.C. § 1407; *see* 15 Charles A. Wright, *et al*., Fed. Prac. & Proc:  Jurisdiction & Related Matters § 3862 (2007).  As this Panel has stated, "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig*., 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).  The Postal Service, as the moving party, bears the heavy burden of demonstrating that the criteria in Section 1407 are met.  *Id*. at 1379.  Moreover, where, as here, "only a minimal number of actions is involved," the Postal Service bears an even heavier burden to demonstrate that centralization is appropriate.  *In re Geico Customer Data Security Breach Litig.*, 568 F. Supp. 3d 1406, 1407 (J.P.M.L. 2021) (denying transfer where there were only five actions in three districts).  As discussed in detail below, none of the Section 1407 criteria are satisfied here.

## ARGUMENT

The Supreme Court has long established that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Although Section 1407 allows for transfer and centralization of cases originally brought in different district courts, Congress meant to limit its application either to those "few exceptional cases" involving "unusually complex questions of fact," or to many complex cases sharing a few questions of fact, and to where "significant economy and efficiency in judicial administration may be obtained." H.R. Rep. 90-1130, at 1900-1901 (1968). Here, the three pending district court actions are straightforward administrative record cases that will be decided on cross-motions for summary judgment. This Panel has previously held that such cases, which involve little to no discovery and no common questions of fact, do not meet the requirements of Section 1407. Nor would transfer of these cases to the District of Columbia court serve the convenience of the parties or promote the just and efficient conduct of the actions. Consequently, there is no basis for the centralization and transfer of these actions to the District of Columbia court.

## I.   THE ACTIONS DO NOT INVOLVE COMMON QUESTIONS OF FACT.

As stated above, the first prerequisite of centralization under Section 1407 is that the pending district court cases share "common questions of fact." 28 U.S.C. § 1407(a). The Postal Service cannot demonstrate this requirement here because legal, not factual, issues predominate the litigation. The crux of these pending actions is whether the Postal Service acted arbitrarily and capriciously, exceeded their authority, and violated NEPA in their award of a contract for the manufacture of up to 165,000 Next Generation Delivery Vehicles and their subsequent approval of the Final EIS and ROD for the purchase and deployment of these vehicles. *See* State

Complaint, ¶¶ 89-125.  These issues are to be decided under the arbitrary and capricious standard of review.  *See Akiak Native Cmty. v. U.S. Postal Serv.*, 213 F.3d 1140, 1144 (9th Cir. 2000) (applying arbitrary and capricious standard to NEPA action against the U.S. Postal Service). Significantly, the parties expect to resolve the pending actions on cross-motions for summary judgment based on the Postal Service's administrative record for the challenged action.  *See* Exh. 3 at 6-8.  The parties do not contemplate any discovery.  *Id*. at 4.

In cases challenging federal agency decisions based an administrative record, there are no questions of fact.  *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996) (courts applying the arbitrary and capricious standard do not resolve factual issues, but instead "address a predominantly legal issue:  Did the agency 'articulate a rational connection between the facts found and the choice made?'") (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys. Inc*., 419 U.S. 281, 285 (1974)).  "[W]hen an agency action is challenged[] . . . [t]he entire case on review is a question of law, and only a question of law."  *Marshall Cnty. Healthcare Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

Accordingly, this Panel has regularly found that record review cases fail to satisfy the threshold requirement of "involving one or more common questions of fact" and that centralization is not warranted.  *See In re Lesser Prairie-Chicken Endangered Species Act Litig*., 109 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015) (denying motion to centralize because "[t]he Government's motion encompasses only three actions pending in two districts, and the resolution of these actions will involve only very limited pretrial proceedings.  Discovery, if any, will be minimal, as these cases will be decided on the administrative record.  And motion practice will consist of motions regarding that record and summary judgment motions or petitions for review."); *In re Dry Bean Revenue Prot. Crop Ins. Litig*., 350 F. Supp. 3d 1381, 1382 (J.P.M.L.

2018) (denying centralization because cases would be resolved on an administrative record); *In re Clean Water Rule: "Definition of Waters of the United States,"* 140 F. Supp. 3d 1340, 1341 (J.P.M.L. 2015) (same); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico,* 764 F. Supp. 2d 1352, 1353 (J.P.M.L. 2011) ("We will, as a general rule, decline to transfer such actions if they appear to present 'strictly legal questions requiring little or no discovery'").

In support of their Motion, the Postal Service contends that the pending cases have a common set of facts and common legal questions. *See* Motion at 8-9. This argument both misconstrues and ignores well-established law. First, the Postal Service conflates the presence of a common set of facts with common *issues* of fact. Specifically, the Postal Service asserts that the first element of Section 1407 is satisfied because the three pending district court actions will be based on the same administrative record. Motion at 8. But under the plain language of Section 1407, a common set of facts is insufficient to justify transfer and consolidation of the cases away from plaintiffs' chosen forum. Rather, an order for centralization requires "common *questions* of fact." 28 U.S.C. § 1407(a) (emphasis added). In other words, the "common issues of fact must be contested issues." David F. Herr, *Multidistrict Litig. Manual* § 5.4 (Thomson Reuters, 2022 ed.); *see also In re Air Crash Disaster at Pago Pago, Am. Samoa, on Jan. 30, 1974*, 394 F. Supp. 799, 800 (J.P.M.L. 1975) (where parties had stipulated to liability, there were no longer common questions of fact warranting transfer). Thus, contrary to the Postal Service's assertion, the existence of a common administrative record does not satisfy the first requirement under Section 1407.

The Postal Service then attempts to manufacture factual disputes by pointing out that disputes over the contents of the administrative record have occurred in other cases and therefore presumably could occur here. Motion at 9-10. But as this Panel has held multiple times,

potential administrative record disputes do not justify centralization, since they involve "only very limited pretrial proceedings." *In re Clean Water Rule,* 140 F. Supp. 3d at 1341; *see also In re Dry Bean Revenue Prot.*, 350 F. Supp. 3d at 1382; *In re Lesser Prairie-Chicken,* 109 F. Supp. 3d at 1381-82. To the extent any disputes over the administrative record do arise (and State Plaintiffs do not anticipate any), resolution of the issues can be easily "coordinated among the limited number of counsel, parties, and courts." *See In re Dry Bean Revenue Prot.*, 350 F. Supp. at 1382.

The Postal Service cites only a single case in support of their argument that potential administrative record disputes warrant consolidation and transfer. *See* Motion at 9 (citing *In re Polar Bear Endangered Species Act Listing & 4(d) Rule Litig.*, 588 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008)).[3] But several factors distinguish *In re Polar Bear* from this matter. First, most of the plaintiffs in that litigation supported centralization. *Id*. at 1376-77. None of the plaintiffs do here. Second, the panel in *In re Polar Bear* decided that the actions at issue shared factual questions springing from the listing of the polar bear as a threatened species under the Endangered Species Act. *Id.* at 1377. Here, in contrast, the Postal Service has not identified any "unusually complex questions of fact" warranting centralization. Third, the *In re Polar Bear* actions involved factual discovery, which is absent here. *See id.* (noting that centralization will "eliminate duplicative discovery"). Consequently, *In re Polar Bear* has little relevance here, and this Panel should follow the reasoning set forth in its more recent administrative record cases and find that these actions do not present common questions of fact warranting centralization. *See In*

---

[3] The other case cited by the Postal Service, *Deskins v. Vilsack*, 2021 WL 6802986, at *2 (D.D.C. Mar. 30, 2021), did not consider the issue of whether to consolidate and transfer cases under Section 1407.

*re Dry Bean Revenue Prot.*, 350 F. Supp. 3d at 1382; *In re Clean Water Rule,* 140 F. Supp. 3d at

1341; *In re Lesser Prairie-Chicken,* 109 F. Supp. 3d at 1381-82.

The Postal Service next argues that there are common legal questions by pointing out that

the three lawsuits (two of which have already been related in the Northern District of California)

assert some similar or overlapping claims.  Motion at 10-11.  However, the presence of common

issues of law "is neither a necessary nor sufficient condition for transfer."  Herr, *supra*, at § 5.4.

"Where the issues in a case are primarily legal in nature, even though some fact issues may exist,

the Panel is nearly certain to conclude that transfer is not appropriate."  *Id.*; *see, e.g., In re Nat'l*

*Ass'n for Advancement of Multijurisdiction Prac. Litig.*, 52 F. Supp. 3d 1377, 1378 (J.P.M.L.

2014) (finding that "common legal questions are insufficient to satisfy Section 1407's

requirement of common factual questions"); *In re ClearTalk-ZTE Arb. Litig.*, 24 F. Supp. 3d

1374, 1375 (J.P.M.L. 2014) ("[T]he resolution of purely a legal issue or issues is generally

insufficient to warrant centralization."); *In re Oil Spill by Oil Rig Deepwater Horizon*, 764 F.

Supp. 2d at 1353 ("We will, as a general rule, decline to transfer such actions if they appear to

present 'strictly legal questions requiring little or no discovery.'"); *In re Medi-Cal*

*Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009) (denying

transfer and consolidation where the actions "by and large, raise strictly legal issues").[4]

Finally, the Postal Service appears to argue about the possibility of inconsistent rulings,

*see* Motion at 10-11, but fails to explain what relevance this has to the first factor of Section

---

[4] The Postal Service also asserts that the pending district court actions should be centralized
because the agency intends to move for a stay of the litigation in each case.  Motion at 10.  But
the Postal Service cannot cite any authority supporting their contention that the question of
whether to issue a stay justifies consolidation and transfer of pending litigation to another district
court.

1407 regarding "common questions of fact."[5]  Additionally, taken to its logical conclusion, the Postal Service's argument that centralization is necessary to prevent inconsistent decisions, if given credence, could require transfer and consolidation of every set of actions challenging the decisions of federal agencies.  Nothing in Section 1407 supports such an expansive reach. Indeed, as the Supreme Court recognized, considering the "geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates," it is unsurprising that the government is "involved in lawsuits against different parties which nonetheless involve the same legal issues" more so than private parties.  *United States v. Mendoza*, 464 U.S. 154, 159, 160 (1984).  Allowing litigation against the government over the same legal issues in multiple forums is desirable, because it "better allow[s] thorough development of legal doctrine…."  *Id*. at 163.

In sum, the Postal Service has failed to meet the first requirement under Section 1407 which, by itself, is sufficient to deny the Motion.

## II.  CENTRALIZATION IS NOT CONVENIENT FOR THE PARTIES OR COUNSEL.

There is no basis for the Postal Service's next assertion that centralization of these cases in the District of Columbia would be more convenient for the parties.  *See* Motion at 11-12. State Plaintiffs, including the State of California as the lead plaintiff and lead counsel in this matter, have already determined that the Northern District of California is the most convenient forum for deciding this matter.  "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed."  *Shutte v. Armco Steel Corp*., 431 F.2d 22, 25 (3d Cir. 1970); *accord Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (recognizing the "strong presumption in

---

[5] In any event, this issue is addressed below in Part II.

favor of the plaintiff's choice of forum," and that "plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum"); *Gulf Oil Corp.*, 330 U.S. at 508 ("unless the balance [of considerations] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").  Consistent with this precedent, this Panel has previously rejected an attempt by the Postal Service to transfer a case to the District of Columbia over a forum selected by the plaintiffs.  *See In re U.S. Postal Serv. Priv. Act Litig.*, 545 F. Supp. 2d 1367, 1369 (J.P.M.L. 2008); *see also In re Asbestos & Asbestos Insul. Material Prod. Liab. Litig.*, 431 F. Supp. 906, 910 (J.P.M.L. 1977) ("[t]he virtually unanimous opposition of the parties to transfer" is "a very persuasive factor").

Given the State of California's lead in this litigation, transfer to the District of Columbia would inconvenience State Plaintiffs by increasing costs and time for travel to attend hearings, including additional paperwork required for out-of-state travel, as well as requiring a new round of *pro hac vice* admissions.  *See Ctr. for Biological Diversity v. McCarthy*, 2015 WL 1535594, at *4 (N.D. Cal. Apr. 6, 2015) (finding that transfer would "materially inconvenience plaintiffs" due to "increased travel costs and procedural hurdles, such as paying for costs of admission Pro Hac Vice and the retention of local counsel").  By contrast, counsel for the Postal Service, who are based in Chicago, make no showing that centralization and transfer to the District of Columbia would be more convenient for the parties aside from reducing the minimal effort required to file separate (but similar) papers in two district courts.

The Postal Service's remaining arguments regarding convenience are unavailing.  First, the Postal Service claims that without coordination, the parties "could waste time and resources" on motion practice regarding the content of the administrative record.  Motion at 11.  This contention is entirely speculative.  As discussed above, the Postal Service is already producing

the same administrative record for all three cases.  *See* Motion at 8 (Postal Service "will file identical certified indices of the administrative record in all of the Actions, and serve identical records on plaintiffs' counsel in the Actions").  Moreover, State Plaintiffs do not currently anticipate the need to file any motions regarding the content of the administrative record, and even if such need arose, this Panel has described "motions regarding th[e] record" as too "limited" to warrant transfer and coordination.  *See In re Clean Water Rule*, 140 F. Supp. 3d at 1341.

Second, the Postal Service cites the "potential for inconsistent rulings" regarding the contents of the administrative record and the merits of plaintiffs' claims.  Motion at 11-12.  However, this Panel has repeatedly found that transfer and centralization is not warranted "[m]erely to avoid [different] federal courts having to decide the same issue."  *In re Medi-Cal*, 652 F. Supp. 2d at 1378; *In re LVNV Funding, LLC, Time-Barred Proof of Claim Fair Debt Collection Pracs. Act (FDCPA) Litig.*, 96 F. Supp. 3d 1376, 1377 (J.P.M.L. 2015) (same); *see also In re Lesser Prairie-Chicken*, 109 F. Supp. 3d at 1381 (rejecting transfer where "[t]he Government's motion encompasses only three actions pending in two districts, and the resolution of these actions will involve only very limited pretrial proceedings").  As this Panel has stated, "where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010); *see also In re Samsung Galaxy Smartphone Mktg.& Sales Pracs. Litig.*, 273 F. Supp. 3d 1371, 1373 (J.P.M.L. 2017) (noting heavier burden and denying consolidation of eight actions where five of those actions, pending in the Northern District of California, "are likely to be coordinated before a single judge").  The Postal Service has failed to meet that burden here.

The only even arguably contrary case to which the Postal Service points, *In re Polar Bear*, 588 F. Supp. 2d at 1376, does not warrant transfer here.  In that case, as discussed above, this Panel found that there were "factual questions springing from the listing of the polar bear" under the Endangered Species Act, as well as a risk of "duplicative discovery" and "inconsistent pretrial rulings," *id.*, circumstances which are not present in this case.  Moreover, the decision to transfer in that case appeared to be driven by the fact that the defendant and three of the four non-intervening plaintiffs supported transfer.  *See id.* at 1376-77.  Here, plaintiffs oppose the transfer.  Therefore, the decision in *In re Polar Bear* is plainly distinguishable from this matter and does not support transfer here.

### III.   CENTRALIZATION IS NOT REQUIRED TO PROMOTE THE JUST AND EFFICIENT CONDUCT OF THESE ACTIONS.

The Postal Service has failed to show that "centralization will promote the just and efficient conduct" of these actions.  *See* Motion at 12-13.  State Plaintiffs have already taken several steps to promote the just and efficient handing of these actions, including relating the two challenges in the Northern District of California, identifying lead parties and counsel for the respective plaintiffs' coalitions who have successfully negotiated case management statements and other preliminary matters with Postal Service counsel,[6] allowing the Postal Service to file identical administrative records in all three actions, and informally coordinating with plaintiffs in the Southern District of New York action.  *See supra* at 4-5.  The Postal Service will retain the right to file joint briefs in the Northern District actions, which will likely be similar to its filings in the Southern District of New York.  *See* Exh. 3 at 6-8.

---

[6] Indeed, any burden of coordination has fallen primarily on the respective groups of plaintiffs, who are coordinating internally with our own sizeable coalitions, but who nonetheless uniformly oppose transfer to the Panel.

Given this cooperation to date, State Plaintiffs strongly disagree with the Postal Service's assertion that "informal coordination of the Actions [is] impracticable and burdensome for the parties, third-parties, and courts."  Motion at 8, 12.  To the contrary, transfer is unnecessary and inappropriate here because State Plaintiffs have demonstrated that any potential benefits of centralization can be achieved through informal coordination.  *See In re Cymbalta (Duloxetine) Prod. Liab. Litig. (No. II)*, 138 F. Supp. 3d 1375, 1377 (J.P.M.L. 2015) (denying centralization of 41 actions in part because informal coordination and cooperation remained practicable); *In re Shoulder Pain Pump-Chondrolysis Prods. Liab. Litig.*, 571 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008) (denying centralization where "parties can avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings"); *In re BMW Reverse Trans. Prod. Liab. Litig.,* 543 F. Supp. 2d 1382, 1382-83 (J.P.M.L. 2008) (same).

The Postal Service's remaining contentions on this issue fail.  *See* Motion at 12-13.  With regard to the alleged "threat" of different administrative records or inconsistent rulings, *see id.* at 12, these arguments are addressed above and lack merit.  *See supra* Part II.  The Postal Service's next assertion that coordination with plaintiffs is "impracticable," Motion at 12, is directly undermined by the extensive coordination that has already occurred in these actions.  *See supra* Part II; *In re Cordarone (Amiodarone Hydrochloride) Mktg., Sales Pracs. and Prod. Liab. Litig.*, 190 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) (centralization not warranted where counsel was "willing to cooperate and coordinate to avoid unnecessary duplication of discovery and other pretrial matters").

Finally, the Postal Service is mistaken that "centralization would not result in any meaningful delay in the proceedings."  Motion at 13.  To the contrary, the parties in the Northern

District of California have already agreed to a schedule for production of the administrative record, which was to occur in August 2022, and summary judgment briefing to begin just 45 days thereafter.  *See* Exh. 3 at 6-8.  However, following the Postal Service's filing of this Motion, the district court vacated the case management conference that had been set for July 28, 2022, and later stayed the proceedings entirely.  *See* ECF 103 in Case No. 4:22-cv-02583-JD (attached hereto as Exhibit 4).  Transfer and centralization in a different court would likely further delay the progress already made in litigating these actions, and warrants denial of the Motion.  *See, e.g., In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act (TCPA) Litig.*, 190 F. Supp. 3d 1351, 1353 (J.P.M.L. 2016) (denying centralization where it was "likely to delay resolution of the actions").

## IV.   ALTERNATIVELY, IF THIS MOTION IS GRANTED, THE CASES SHOULD BE CENTRALIZED IN THE NORTHERN DISTRICT OF CALIFORNIA.

As discussed above, the Postal Service has failed to demonstrate that any of the Section 1407 criteria are satisfied here, and there is no basis for centralization and transfer of these actions.  However, if the Panel were inclined to grant the Motion, the actions should be centralized in the Northern District of California for several reasons.  First, centralization in the Northern District of California "gives due credit to plaintiffs' choice of forum and will not inconvenience [the Postal Service], which has a nationwide presence."  *See In re U.S. Postal Serv. Priv. Act Litig.*, 545 F. Supp. 2d at 1369.  Conversely, none of the actions at issue in this Motion were filed in the District of Columbia, and the Postal Service has failed to make any showing that transfer to that court is warranted.  *See supra* Part II.  Second, as discussed above, the Northern District of California is the most convenient forum for State Plaintiffs and the majority of parties and counsel.  *See id.*; *In re Air Disaster Near Brunswick, Ga.*, 794 F. Supp.

16

393, 394 (J.P.M.L. 1992) (citing "the convenience of the parties" in selection of transferee forum).

Finally, considerations of caseload favor centralization of these actions in the Northern District of California rather than the District of Columbia.  During the 12-month period ending on March 31, 2022, cases in the District of Columbia were averaging 45.3 months from filing to trial, with 20.1% of civil cases over three years old, compared to just 31.1 months and 8.4% in the Northern District of California.[7]  *See In re Classicstar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007) ("[T]he district's general docket conditions permit us to make the Section 1407 assignment knowing that the court has the resources available to manage this litigation").  The apparent greater availability of judicial resources in the Northern District of California would thus support centralization of the cases, if anywhere, in the forum already chosen by most of the plaintiffs.

## CONCLUSION

For the foregoing reasons, State Plaintiffs respectfully request that the Postal Service's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings be denied.  In the alternative, the Panel should transfer and centralize these actions in the Northern District of California.

---

[7] United States Courts, "United States District Courts — National Judicial Caseload Profile," *available at*:  https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0331.2022.pdf.

Dated:  August 15, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
DAVID A. ZONANA
Supervising Deputy Attorney General

/s/ George Torgun
GEORGE TORGUN
STACY J. LAU
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1973
Fax: (510) 622-2270
E-mail:  George.Torgun@doj.ca.gov
          Stacy.Lau@doj.ca.gov

*Attorneys for Plaintiff State of California*

LETITIA JAMES
Attorney General of New York

/s/ Claiborne E. Walthall
CLAIBORNE E. WALTHALL
Assistant Attorney General
New York State Office of the Attorney General
Environmental Protection Bureau
State Capitol
Albany, NY 12224
(518) 776-2380
claiborne.walthall@ag.ny.gov

*Attorneys for Plaintiff State of New York*

JOSH SHAPIRO
Attorney General of Pennsylvania

/s/ Michael Fischer
MICHAEL J. FISCHER
Chief Counsel and Executive Deputy
Attorney General
ANN R. JOHNSTON
Senior Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Telephone: (215) 560-2171
Email: mfischer@attorneygeneral.gov

*Attorneys for Plaintiff*
*Commonwealth of Pennsylvania*

KATHLEEN JENNINGS
Attorney General of Delaware

/s/ Vanessa L. Kassab
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
VANESSA L. KASSAB
JAMESON A. L. TWEEDIE
RALPH K. DURSTEIN, III
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899

*Attorneys for Plaintiff State of Delaware*

WILLIAM TONG
Attorney General of Connecticut

/s/ *William E. Dornbos*
WILLIAM E. DORNBOS
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5250
Email: William.Dornbos@ct.gov

*Attorneys for Plaintiff State of Connecticut*


AARON M. FREY
Attorney General of Maine

/s/ *Jillian R. O'Brien*
JASON ANTON
PAUL SUITTER
JILLIAN R. O'BRIEN
Assistant Attorneys General
Six State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8800
Fax: (207) 287-3145
Email: Jason.Anton@maine.gov
Email: Paul.Suitter@maine.gov
Email: Jill.Obrien@maine.gov

*Attorneys for Plaintiff State of Maine*


BRIAN E. FROSH
Attorney General of Maryland

/s/ *Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6414
Email: sgoldstein@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

KWAME RAOUL
Attorney General of Illinois

/s/ *Jason E. James*
JASON E. JAMES
Assistant Attorney General
MATTHEW J. DUNN
Chief, Environmental Enforcement/Asbestos
Litigation Division
Office of the Attorney General
69 W. Washington St., 18th Floor
Chicago, IL 60602
Tel: (312) 814-0660
Email: Jason.james@ilag.gov

*Attorneys for Plaintiff State of Illinois*


MATTHEW J. PLATKIN
Acting Attorney General of New Jersey

/s/ *Lisa Morelli*
LISA MORELLI
Deputy Attorney General
Division of Law
25 Market Street
P.O. Box 093
Trenton, NJ 08625-093
Telephone: 609-376-2745
Email: lisa.morelli@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*


HECTOR BALDERAS
Attorney General of New Mexico

/s/ *William Grantham*
WILLIAM GRANTHAM
Assistant Attorney General
201 Third St. NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 717-3520
E-Mail: wgrantham@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

FOR THE PEOPLE OF THE
STATE OF MICHIGAN

/s/ *Elizabeth Morrisseau*
ELIZABETH MORRISSEAU
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
Michigan Attorney General's Office
6th Floor, G. Mennen Williams Building
525 West Ottawa Street
PO Box 30755
Lansing, MI 48933
Telephone: (517) 335-7664
Email: MorrisseauE@michigan.gov

*Attorneys for Plaintiff the People of the State of Michigan*

JOSHUA H. STEIN
Attorney General of North Carolina

/s/ *Francisco Benzoni*
ASHER SPILLER
Assistant Attorney General
FRANCISCO BENZONI
Special Deputy Attorney General
114. W. Edenton Street
Raleigh, NC 27063
Telephone: (919)716-7600
Email: fbenzoni@ncdoj.gov
aspiller@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*

ELLEN F. ROSENBLUM
Attorney General of Oregon

/s/ *Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge
STEVE NOVICK
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4593
Email: Steve.Novick@doj.state.or.us

*Attorneys for Plaintiff State of Oregon*

ROBERT W. FERGUSON
Attorney General of Washington

/s/ *Megan Sallomi*
MEGAN SALLOMI
Assistant Attorney General
Environmental Protection Division
Washington State Attorney General's Office
800 5th Ave Suite 2000,
Seattle, WA 98104-3188
Telephone: (206) 389-2437
Email: Megan.Sallomi@atg.ca.gov

*Attorney for Plaintiff State of Washington*

PETER F. NERONHA
Attorney General of Rhode Island

/s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*


SUSANNE R. YOUNG
Attorney General of Vermont

/s/ *Nicholas F. Persampieri*
NICHOLAS F. PERSAMPIERI
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
nick.persampieri@vermont.gov

*Attorneys for Plaintiff State of Vermont*


ADAN A. SCHWARTZ
Acting District Counsel

/s/ *Marcia L. Raymond*
MARCIA L. RAYMOND
Assistant Counsel
Bay Area Air Quality Management District
350 Beale Street, Suite 600
San Francisco, CA 94105
(415) 749-5158
mraymond@baaqmd.gov

*Attorneys for Plaintiff*
*Bay Area Air Quality Management District*


KARL A. RACINE
Attorney General for the District of Columbia

/s/ *Adam Teitelbaum*
ADAM TEITELBAUM
Deputy Director
Office of the Attorney General
District of Columbia
400 6th St. NW
Washington, DC 20001
Telephone: 202-256-3713
Email: Adam.Teitelbaum@dc.gov

*Attorneys for Plaintiff District of Columbia*


HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
of the City of New York

/s/ *Alice R. Baker*
ALICE R. BAKER
JOSEPH PEPE
Senior Counsels
New York City Law Department
100 Church Street
New York, NY 10007
Telephone: (212) 356-2314
E-mail: albaker@law.nyc.gov

*Attorneys for Plaintiff City of New York*


PHIL WEISER
Attorney General of Colorado

/s/ *Eric R. Olson*
ERIC R. OLSON
Solicitor General
Office of the Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508 6548
Eric.Olson@coag.gov

*Attorneys for Plaintiff State of Colorado*

## PROOF OF SERVICE

I, George Torgun, hereby certify that on August 15, 2022, I served a copy of State

Plaintiffs' Brief in Opposition to Defendants' Motion for Transfer of Actions Pursuant to 28

U.S.C. § 1407 for Coordinated Pretrial Proceedings on all counsel of record via the Panel's

CM/ECF system.  I further certify that it is my understanding that all parties to this case have

counsel registered to receive CM/ECF notifications in this matter.

Dated this 15th day of August, 2022, at Oakland, California

ROB BONTA
Attorney General of California
DAVID A. ZONANA
Supervising Deputy Attorney General

/s/ George Torgun
GEORGE TORGUN
STACY J. LAU
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
Telephone:  (510) 879-1002
Email:  George.Torgun@doj.ca.gov

*Attorneys for Plaintiff State of California*